1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTINE A.,

　　　　　　　　　Plaintiff,

　　v.

COMMISSIONER OF SOCIAL
SECURITY,

　　　　　　　　　Defendant.

Case No. C21-5239-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

BACKGROUND

Plaintiff was born in 1971, has a high school diploma and training as a nursing assistant, and has worked as a certified nursing assistant. AR 289, 497. At the time of the administrative hearing, Plaintiff was working part-time cleaning a church. AR 47, 289.

In January 2019, Plaintiff applied for benefits, with an amended alleged onset date of January 30, 2019. AR 42, 250-55. Plaintiff's application was denied initially and on

1   reconsideration, and Plaintiff requested a hearing.  AR 134-37, 141-47. After the ALJ conducted

2   a hearing in September 2020 (AR 34-77), the ALJ issued a decision finding Plaintiff not

3   disabled.  AR 13-27.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**:  Plaintiff has the following severe impairments: degenerative disc disease, obesity, diabetes, depression, bursitis, spondylolisthesis, tendinitis, tenosynovitis, arthritis, radiculopathy, wrist mass, forearm mass, status post cervical laminectomy, lumbago, and hypertension.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform light work with additional limitations: she can occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, and scaffolds.  She can occasionally reach overhead.  She can frequently reach, handle, and finger.  She cannot be exposed to vibrations or hazards.  She can perform tasks that are unskilled or semi-skilled, with employer-set goals.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 13-27.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the

Commissioner to this Court.  Dkt. 4.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

1

**LEGAL STANDARDS**

2        Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

3  security benefits when the ALJ's findings are based on harmful legal error or not supported by

4  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

5  2005).  As a general principle, an ALJ's error may be deemed harmless where it is

6  "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104,

7  1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

8  determine whether the error alters the outcome of the case." *Id.*

9        Substantial evidence is "more than a mere scintilla.  It means - and means only - such

10  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

12  747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

13  conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.*

14  *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

15  as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

16  Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

17  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

18  must be upheld.  *Id.*

19

**DISCUSSION**

20        Plaintiff argues the ALJ erred in assessing certain medical opinions as well as her

21  testimony.  Plaintiff also argues that Commissioner Andrew Saul's unconstitutional tenure

22  protection deprived the ALJ and the Appeals Council of the authority to adjudicate Plaintiff's

23  claim.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

1   substantial evidence, and should be affirmed, and that the constitutional violation did not result

2   in harm to Plaintiff and thus does not justify a remand.

3       **A.     The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

4       Plaintiff challenges the ALJ's assessment of several medical opinions, which the Court

5   will address in turn.[3]

6       *1.     Legal Standards*

7       In assessing Plaintiff's 2019 application for benefits, the ALJ is required to articulate the

8   persuasiveness of each medical opinion, specifically with respect to whether the opinions are

9   supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

10      The Commissioner argues that the regulations promulgated in 2017 changed the legal

11  standards previously articulated by the United States Court of Appeals for the Ninth Circuit. *See*

12  Dkt. 18 at 20-23.  Under current Ninth Circuit precedent, an ALJ must provide "clear and

13  convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and

14  "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v.*

15  *Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017

16  regulations in relation to its standards for the review of medical opinions.  It is not, in any event,

17  clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new

18  regulations would differ in any significant respect.  The new regulations still require ALJs to

19  explain their reasoning with specific reference to how they considered the supportability and

20  consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must

21  remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL

22

23  ---
    [3] Plaintiff's opening brief also contains a lengthy summary of other medical evidence untethered to any
    particular error in the ALJ's decision.  Dkt. 14 at 7-12.  This section does not advance Plaintiff's
    assignment of error and need not be discussed herein.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

1    5494904, at *2 (W.D. Wash. Sept. 11, 2020).  The Court must, moreover, continue to consider

2    whether the ALJ's analysis has the support of substantial evidence.  *Ford v. Saul*, 950 F.3d 1141,

3    1154 (9th Cir. 2020).  With these regulations and considerations in mind, the Court proceeds to

4    its analysis of the medical evidence in this case.

5                      2.      *Alysa Ruddell, Ph.D.*

6            Dr. Ruddell examined Plaintiff in 2018 and 2019, and completed DSHS opinion reports

7    on both occasions.  AR 497-501, 566-70.  The ALJ found the 2018 opinion not persuasive

8    because it predates the adjudicated period.  AR 25.  The ALJ discussed the 2019 opinion and

9    explained that he gave little weight to it because the disabling limitations described therein were

10   inconsistent with Plaintiff's many normal findings in the record (particularly when medicated)

11   and the activities she reported elsewhere, as well as Dr. Ruddell's own "generally normal"

12   findings upon mental status examination.  AR 24.  The ALJ also found that Plaintiff reported

13   symptoms to Dr. Ruddell that she had not reported elsewhere, which undermined the opinion to

14   the extent that Dr. Ruddell relied on Plaintiff's self-reporting.  *Id*.  Lastly, the ALJ noted that

15   reviewing psychologist Dana Harmon, Ph.D., found that Dr. Ruddell's 2019 opinion lacked

16   support.  *Id*.  For all of these reasons, the ALJ found Dr. Ruddell's 2019 opinion unpersuasive.

17   *Id*.

18           As to the 2018 opinion, Plaintiff contends that the ALJ "entirely fail[ed] to evaluate this

19   opinion."  Dkt. 14 at 3.  Plaintiff is mistaken: the ALJ found it not persuasive because it predated

20   the adjudicated period.  *See* AR 25.  Plaintiff has not shown that this line of reasoning was not

21   legitimate.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)

22   ("Medical opinions that predate the alleged onset of disability are of limited relevance.").  Dr.

23   Ruddell's 2019 opinion also predated the adjudicated period, but only by a matter of days, which

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

the ALJ recognized was sufficiently proximate to the adjudicated period as to be relevant. *See* AR 24. Plaintiff has not shown that the ALJ unreasonably assessed the probative value of Dr. Ruddell's first opinion with respect to its timing.

As to the 2019 opinion, Plaintiff disputes all of the ALJ's reasons to find the opinion unpersuasive. First, Plaintiff argues that the ALJ erred in finding Dr. Ruddell's opinion to be inconsistent with the many normal findings in the record, but does not show that the record is in fact consistent with the opinion. Dkt. 14 at 4. Plaintiff also contends that Dr. Ruddell did not rely on Plaintiff's self-report (Dkt. 14 at 4), but the report itself states that "Information in this evaluation represents client report." AR 497. Plaintiff also argues that the ALJ erred in characterizing Dr. Ruddell's mental status examination as generally normal. Dkt. 14 at 4. The ALJ acknowledged that Dr. Ruddell documented Plaintiff's reports of paranoia and hallucinations, but that these symptoms were not reported elsewhere. *See* AR 24. Plaintiff has not addressed any particular mental status examination findings, and thus has failed to show that the ALJ mischaracterized Dr. Ruddell's findings. Lastly, Plaintiff acknowledges that Dr. Harmon found Dr. Ruddell's opinion to be unsupported, but emphasizes that Dr. Harmon described Plaintiff's limitations as moderate and never examined Plaintiff. Dkt. 14 at 4. Neither of these facts contradicts or undermines the ALJ's decision or reasoning, and thus does not suggest error in the ALJ's findings. Because Plaintiff has failed to establish that any of the ALJ's reasons to discount Dr. Ruddell's 2019 opinion are erroneous, the Court affirms this portion of the ALJ's decision.

3. *Derek Leinenbach, M.D.*

Dr. Leinenbach reviewed Plaintiff's records for DSHS and provided an opinion as to Plaintiff's workplace limitations in June 2018. AR 571-72. The ALJ found this opinion "not

persuasive as to the period of time relevant to the decision." AR 25. As explained *supra*, this line of reasoning is legitimate. *See Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Although Plaintiff contends that Dr. Leinenbach's opinion could nonetheless accurately describe her limitations during the period (Dkt. 22 at 4-5), she has not shown that the ALJ was compelled to make such a finding or otherwise erred in considering the timing of Dr. Leinenbach's opinion in discounting its probative value.

4.    *Dr. Harmon*

Dr. Harmon reviewed some of Plaintiff's records and described her physical and mental limitations for DSHS. AR 573-78, 601-02. The ALJ found Dr. Harmon's opinion as to Plaintiff's physical limitations unpersuasive because it was outside his professional expertise as a psychologist, and also unsupported by the medical record. AR 24-25. The ALJ found Dr. Harmon's psychological opinion, specifically that Plaintiff's mental conditions caused no more than moderate limitations that would persist for six months, persuasive because it was consistent with and supported by the longitudinal record. AR 24.

Plaintiff argues that the ALJ erred by failing to account for all of the limitations identified by Dr. Harmon, specifically those "related to [her] chronic pain." Dkt. 14 at 6. Assuming Plaintiff is referring to Dr. Harmon's opinion as to her physical limitations, Plaintiff has not shown that the ALJ's reasons for discounting that portion of the opinion were erroneous, and thus has not shown that the ALJ should have accounted for those limitations in the RFC assessment. Accordingly, the Court finds that Plaintiff has failed to meet her burden to show error in the ALJ's assessment of Dr. Harmon's opinion.

//

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

5.    *Anne Marie Patterson, MSN, ARNP*

Ms. Patterson, Plaintiff's treating nurse, completed a form opinion describing her physical and mental limitations in August 2020.  AR 1339-42.  In relevant part, Ms. Patterson opined that Plaintiff's pain would require her to take breaks totaling one hour during a workday, and that her depression would require her to miss two days of work per month, on a temporary basis.  *Id*.

The ALJ found this opinion not persuasive because it is inconsistent with Ms. Patterson's own treatment notes indicate that Plaintiff could ambulate independently without difficulty and had many normal objective physical and mental findings during examinations.  AR 25.  The ALJ also found Ms. Patterson's opinion to be speculative as to the duration of Plaintiff's limitations, which is inconsistent with Plaintiff's allegation that her limitations stem from a 2018 car accident.  *Id*.

Plaintiff argues that Ms. Patterson's opinion was corroborated by her mental health treatment records from other providers, as well as with Ms. Patterson's prescription of medication.  Dkt. 14 at 7.  Plaintiff has not identified any particular records that corroborate Ms. Patterson's opinion, and has not shown how Ms. Patterson's prescription of medication (which the ALJ specifically acknowledged (AR 25)) would undermine the ALJ's reasoning. Furthermore, Plaintiff does not contest the ALJ's finding that Ms. Patterson's opinion is speculative as to duration, and her argument fails to address the ALJ's point that Ms. Patterson's estimate of duration is inconsistent with Plaintiff's allegation that her symptoms began after a 2018 car accident.  Plaintiff has failed to establish error in any of the ALJ's reasons for discounting Ms. Patterson's opinion, and thus the Court affirms this portion of the decision.

//

1             6.      *State Agency Psychological Consultant*

2      At the reconsideration level, a State agency psychological consultant opined that Plaintiff

3   was capable of "performing a regular 40 hour work week, including complex tasks, w/

4   occasional [concentration, persistence, and pace] interruptions due to psychological

5   [symptoms]."  AR 130.  The consultant indicated that all of Plaintiff's deficits notwithstanding,

6   she was not disabled.  AR 132.

7      Plaintiff argues that the ALJ erred in purportedly crediting this opinion and yet failing to

8   account for the concentration, persistence, and pace limitation identified in the State agency

9   opinion.  Dkt. 22 at 6.  This argument is not persuasive: the State agency consultant opined that

10  Plaintiff could perform full-time work despite her concentration, persistence, and pace deficits,

11  which is consistent with the ALJ's RFC assessment.  *Compare* AR 130, 132 *with* AR 18.

12  Plaintiff has not shown that the ALJ did not fully account for the State agency opinion, and thus

13  has failed to establish error in the ALJ's assessment of the State agency opinion.

14      Because Plaintiff has failed to show that the ALJ erred in assessing any medical opinion

15  evidence, the Court affirms this portion of the ALJ's decision.

16  **B.      The ALJ Did Not Err in Assessing Plaintiff's Testimony**

17      The ALJ summarized Plaintiff's testimony and explained that he discounted it because

18  (1) the medical record (containing many normal findings and evidence of improvement with

19  conservative treatment) was inconsistent with her allegations, (2) Plaintiff inconsistently

20  described her activities, and (3) Plaintiff made other inconsistent reports regarding her ability to

21  work and the reason why she switched providers in December 2019.  AR 19-23.  Plaintiff argues

22  that these reasons are not clear and convincing, as required in the Ninth Circuit.  *See Burrell v.*

23  *Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

1    First, Plaintiff argues that the ALJ cannot solely rely on a lack of corroboration in the

2    medical record to discount her testimony.  Dkt. 14 at 13.  But the ALJ did not do so, because the

3    ALJ also discounted Plaintiff's testimony in light of inconsistencies in her statements, as listed

4    above.  Plaintiff has not shown that the ALJ erred in considering, among other reasons, the

5    degree to which Plaintiff's allegations were supported by the record.  *See Rollins v. Massanari*,

6    261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the

7    sole ground that it is not fully corroborated by objective medical evidence, the medical evidence

8    is still a relevant factor in determining the severity of the claimant's pain and its disabling

9    effects.").

10    Plaintiff also disputes whether the record demonstrates improvement with treatment

11    and/or normal findings.  Dkt. 14 at 13.  Plaintiff emphasizes that her report that her symptoms

12    were "stable" does not suggest that they were non-existent, and that Plaintiff's mental symptoms

13    waxed and waned.  *Id*.  Plaintiff's first contention fails to establish error in the ALJ's decision

14    because he did not find that Plaintiff had no symptoms, and instead accommodated a variety of

15    symptoms and limitations in the RFC assessment.  *See* AR 18.  Although Plaintiff also contends

16    that her mental symptoms waxed and waned, she does not point to any evidence establishing

17    this.  The ALJ cited evidence showing that Plaintiff reported that she was "doing well" and/ or

18    experienced improvement with psychiatric medication and mindfulness exercises.  *See* AR 21

19    (citing AR 975, 997, 1422, 1427).  The ALJ also acknowledged that Plaintiff reported stressors

20    in her personal life and relationships (AR 21), which may be the "waxing" symptoms Plaintiff

21    had in mind, but Plaintiff has not shown that the ALJ erred in finding that Plaintiff's symptoms

22    generally improved with treatment and/or did not lead to disabling functional limitations.

23

1    Next, Plaintiff disputes the ALJ's finding that she made inconsistent statements about her

2    pets.  Dkt. 14 at 13-14.  Specifically, Plaintiff challenges the ALJ's finding that she had not

3    consistently reported her activities related to caring for eight chickens and three ducks,

4    contending that this activity is consistent with her allegations.  Dkt. 14 at 13.  This argument fails

5    to address the ALJ's point, which was that Plaintiff made inconsistent statements about her

6    animal-related activities, describing only one dog to an examining psychologist (AR 498) but

7    admitting elsewhere that she cared for more animals (AR 46, 298).  Even if this inconsistency

8    might not be meaningful enough to alone support the ALJ's assessment of Plaintiff's testimony,

9    Plaintiff has failed to identify any error in the ALJ's finding as stated in the decision, which

10   provides multiple examples of inconsistent statements.  *See* AR 22-23; Social Security Ruling

11   ("SSR") 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017) (indicating that ALJs may "consider

12   the consistency of the [claimant's] own statements" in evaluating the claimant's testimony).

13        Plaintiff also argues that the ALJ erroneously contrasted Plaintiff's 2019 description of

14   the time she spent on electronic devices with her 2020 hearing testimony, without

15   acknowledging that a year had passed between those statements and could account for the

16   difference, along with the worsening of Plaintiff's hand conditions.  Dkt. 14 at 13-14.  This

17   argument overlooks the ALJ's emphasis that Plaintiff testified that she had been unable to spend

18   2-3 hours on devices since the onset of her nerve problems in 2016 (AR 54, 64), and yet reported

19   in 2019 that she spent 2-3 hours per day on the Internet (AR 498).  The ALJ identified a

20   reasonable inconsistency, and, again, did not err in considering the internal inconsistencies in

21   Plaintiff's reporting in evaluating her testimony.

22        The ALJ also contrasted Plaintiff's statement that she talks to her mother several times

23   per day with her testimony that for the past 3-4 years, her depression caused her to not talk to

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11

1   anyone.  Dkt. 14 at 14.  Plaintiff attempts to explain this discrepancy on the ground that she

2   "apparently differentiates between talking to her mother and talking to others" (Dkt. 14 at 14),

3   but this is not the only reasonable interpretation of this evidence.  Plaintiff has not shown that the

4   ALJ was unreasonable in finding an inconsistency in her description of her social interaction.

5        Lastly, Plaintiff contends that the ALJ erred in discounting her allegations based on her

6   part-time work because it was performed so sporadically and even working just three hours at a

7   time required two days of recuperation each time.  Dkt. 14 at 14.  But again Plaintiff does not

8   address the ALJ's point that Plaintiff reported engaging in more work to her providers than she

9   admitted at the hearing.  *See* AR 22.  The ALJ specifically addressed Plaintiff's testimony that

10  she required two days to recuperate from three hours of work, finding this testimony inconsistent

11  with her description of her work activities to her providers.  AR 22-23 (citing AR 875 (Plaintiff's

12  report of finding two part-time cleaning jobs to supplement her income), 960 (Plaintiff reports an

13  inability to perform her cleaning jobs at the church or at houses due to pandemic restrictions)).

14  Plaintiff has not addressed the entirety of the ALJ's findings regarding her work activity, and

15  thus has failed to establish that the ALJ erred in finding that she had inconsistently described her

16  work activities or in discounting her testimony on this basis.

17        Because Plaintiff has failed to show that the ALJ erred in his assessment of her

18  testimony, the Court affirms this portion of the ALJ's decision.

19  **C.    The Procedure for Removal of the Commissioner of Social Security is
20          Unconstitutional but Does Not Invalidate the ALJ's Decision**

21        Plaintiff contends this case must be remanded because the structure for removing the

22  Commissioner of Social Security violated the separation of powers under Article II of the U.S.

23  Constitution, such that the Social Security Administration's ("SSA") decision to deny Plaintiff

benefits was made by individuals who had not properly been delegated authority to make such

decisions.[4]  For the reasons explained herein, the Court agrees with Plaintiff that the

Commissioner enjoyed unconstitutional tenure protection, but finds that the unconstitutional

provision does not deprive the Commissioner of the authority to issue a decision on Plaintiff's

claim and did not result in harm to Plaintiff that requires reversal of the ALJ's decision denying

benefits.

1.     *The Commissioner's Tenure Protection is Unconstitutional*

Removal of the Commissioner of Social Security is governed by 41 U.S.C. § 902(a)(3).

Plaintiff argues two recent Supreme Court decisions — *Seila Law LLC v. Consumer Financial*

*Protection Bureau*, 140 S. Ct. 2183 (2020), and *Collins v. Yellen*, 141 S. Ct. 1761 (2021) —

mandate a finding that the removal clause in § 902 violates the Constitution's separation of

powers.  In *Seila Law*, the Supreme Court held the Consumer Financial Protection Bureau's

("CFPB") removal structure, which allowed for the CFPB director to be removed by the

President only for "inefficiency, neglect of duty, or malfeasance of office," 12 U.S.C.

§ 5491(c)(3), violated the separation of powers by insulating the director from removal by the

President.  *Seila Law*, 140 S. Ct. at 2197.

The Supreme Court addressed a removal provision again the following year in *Collins*.

There, the Court held a provision limiting the President to removing the director of the Federal

Housing Finance Agency ("FHFA") only for cause violated the separation of powers.  *Collins*,

141 S. Ct. at 1783 (holding that "*Seila Law* is all but dispositive").

---

[4] The ALJ who decided Plaintiff's case was appointed by then-Acting Commissioner Nancy Berryhill.
*See* SSR 19-1p, 2019 WL 1324866, at *2 (Mar. 15, 2019). Defendant contends Ms. Berryhill, as Acting
Commissioner, was not subject to the same removal provision as Commissioner Saul. The Court need not
reach this issue because, as explained below, Plaintiff cannot establish the removal provision at issue
here—and the one to which Commissioner Saul *was* subject—caused her harm.

1   Applying the holdings in *Seila Law* and *Collins* here makes it clear that the provision for

2   removal of the Commissioner of Social Security, 41 U.S.C. § 902(a)(3), violates separation of

3   powers.  The Commissioner, a single officer at the head of an administrative agency, is

4   removable only for cause.  *See* 41 U.S.C. § 902(a)(3).  This statutory clause suffers from the

5   same defect as the removal provisions at issue in *Seila Law* and *Collins*, and thus violates

6   separation of powers.  *See Seila Law*, 140 S. Ct. at 2197; *Collins*, 141 S. Ct. at 1783; *see also*

7   Office of Legal Counsel, *Constitutionality of the Commissioner of Social Security's Tenure*

8   *Protection*, 2021 WL 2981542, at *7 (July 8, 2021).

9         2.   *The Constitutional Violation Did Not Deprive the Commissioner of the*
       *Authority to Resolve Plaintiff's Claim*

10

11   Plaintiff contends the remedy for the unconstitutionality of the removal provision in

12   § 902(a)(3) is reversal and remand.  Plaintiff contends the Commissioner's appointment and

13   tenure were unconstitutional because of the removal provision, depriving the Commissioner of

14   the ability to delegate decision-making to the ALJ and Appeals Council who considered

15   Plaintiff's case.  Plaintiff's argument fails.

16   First, the removal provision is severable.  In *Seila Law*, the Court found the

17   constitutionally defective removal procedure was severable from the remainder of the CFPB's

18   governing statutes because the CFPB was capable of functioning independently even if the

19   offending removal restriction was erased. 140 S. Ct. at 2209, 2245.[5]  Similarly, if the removal

20   clause in § 902(a)(3) is stricken, the SSA remains fully functional.

21

22

23   [5] Four Justices dissented from Chief Justice Roberts's lead opinion holding the CFPB removal provision
was unconstitutional, but agreed that "*if* the agency's removal provision is unconstitutional, it should be
severed." *Id.* at 2245 (Kagan, J., concurring in the judgment with respect to severability and dissenting in
part).

Second, the removal provision does not render the Commissioner's appointment invalid, and thus does not automatically void the SSA's actions under the Commissioner.  In *Collins*, the Court found the defective removal procedure did not render the FHFA's actions void from the outset. 141 S. Ct. at 1787 ("Although the statute unconstitutionally limited the President's authority to *remove* the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office.  As a result, there is no reason to regard any of the actions taken by the FHFA [challenged on appeal] as void.").

       3.     *Plaintiff Cannot Link Any Harm to the Commissioner's Unconstitutional Tenure Protection*

Third, Plaintiff has not shown — and cannot show — that the removal clause in § 902(a)(3) inflicted harm.  In *Collins*, the Court found it was "possible for an unconstitutional provision to inflict compensable harm," and remanded to the lower court to determine whether the removal provision "inflicted harm."  141 S. Ct. at 1788–89.  In that case, the action challenged by plaintiffs was the directors' adoption and implementation of an amendment (the "Third Amendment") to certain financial agreements that "materially changed the nature of the agreements" and resulted in the companies in which plaintiffs were shareholders transferring to the U.S. Treasury "at least $124 billion dollars more than the companies would have had to pay" under the prior form of the agreements.  *Id.* at 1774.  The Third Amendment was not subject to full judicial review, *id*. at 1775-76, 1785, and the Supreme Court thus found that fact-finding by the lower courts was required in order to determine whether plaintiffs suffered harm directly as a result of the FHFA director's unconstitutional tenure protection.  *See id.* at 1789.

By contrast, in this case the action challenged by Plaintiff is the Commissioner's decision denying benefits: because this decision has been fully reviewed by the Court and found to be free of harmful legal error and supported by substantial evidence, the Court's review of the

1    challenged decision indicates that Commissioner Saul's unconstitutional tenure did not result in

2    harm to Plaintiff.  *Cf. id.* at 1802 (Kagan, J. concurring) ("[G]iven the majority's remedial

3    analysis, I doubt the mass of SSA decisions—which would not concern the President at all—

4    would need to be undone. . . . When an agency decision would not capture a President's

5    attention, his removal authority could not make a difference.").  The ALJ's decision here was

6    based upon an uncontested factual record, and the application of established law, including

7    caselaw, which generally cannot be changed by the Commissioner.

8            Nor does Plaintiff's reference to an unnamed White House official's justification for

9    Commissioner Saul's removal indicate that Plaintiff was harmed.  *See* Dkt. 22 at 13-14.

10   Although a representative of the President suggested that Commissioner Saul was removed from

11   office in part because he had undermined, politicized, and "reduced due process protections for

12   benefits appeals hearings," this statement does not establish the existence of a due process

13   violation and Plaintiff has failed to identify one.  *See* https://www.cnn.com/2021/07/09/politics/

14   social-security-commissioner-fired-by-biden/index.html (last visited Dec. 13, 2021).

15   Furthermore, even assuming Commissioner Saul attempted to undermine, politicize, or reduce

16   the process available to a claimant, it is the courts — rather than the Commissioner, the

17   President, or White House officials — that determine whether a claimant received the process

18   due.

19           This Court has reviewed the ALJ's decision and found no evidence of a due process

20   violation.  Because the Court has, for the reasons explained herein, found that the ALJ's decision

21   is free from harmful legal error and is supported by substantial evidence, Plaintiff cannot show

22   any connection between the unconstitutional limit on Commissioner Saul's removal and the

23   ALJ's decision denying her benefits.  *See Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1138 (9th

Cir. 2021) ("[T]here is no link between the ALJ's decision awarding benefits and the allegedly unconstitutional removal provisions.  And nothing commands us to vacate the decisions below on that ground.")).  Thus, while the removal clause in § 902(a)(3) violates separation of powers, it does not independently require the Court to reverse the ALJ's decision.

<u>CONCLUSION</u>

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 15th day of December, 2021.


S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 17